IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| ELOISE K. HAHN, | ) | 10-30161-KLP |
| | ) | 20-03161-KLP |
| Appellant, | ) | |
| | ) | |
| THOMAS ALAN MINOR, et.al. | ) | 3:20-CV-947 |
| | ) | 3:20-CV-965 |
| Appellees. | ) | |

NOTICE OF FILING FINAL BRIEF WITH APPENDIX

The Appellant, Eloise K. Hahn, hereby files her final brief with appendix

via USPS express priority mail on January 8, 2021, with guaranteed next day

delivery of January 9, 2021.

Respectfully submitted,

*Eloise K. Hahn*

Eloise K. Hahn, mailing address
PO Box 945
Chesterton, IN   46304
(219) 628-5481
eloisehahn313@gmail.com

Eloise K. Hahn, residence address
313 E. 1300 N.
Chesterton, IN   46304

I, Eloise K. Hahn, do hereby certify that I mailed a copy of my file brief

with appendix on January 8, 2021, via USPS overnight express priority mail with

next day delivery on January 9, 2021, being:

United States District Court
Attn: Office of the Clerk
701 E. Broad St., Suite 3000
Richmond, VA   23219

I, Eloise K. Hahn, do hereby certify that I mailed a copy of my file brief

with appendix cover sheet to the following parties via USPS priority mail being:

> Jason Krumbein, Esquire
> Krumbein Consumer Legal Services'
> 1650 Willow Lawen Drive
> Suite 201
> Richmond, VA   23230
>
> United States Bankruptcy Court
> Attn: Clerk of the Court
> 701 E. Broad Street
> Suite 4000
> Richmond, VA   23219
>
> Kutak Rock LLP
> Attn: Peter Barrett
> 901 E. Byrd St.
> Suite 1000
> Richmond, VA   23219-4071
>
> Steve Leahey, Esquire
> 150 N. Michigan Av, Suite 1120
> Chicago, IL   60601
>
> Benjamin & Cynthia Hahn
> 4048 Anna Av
> Lyons, IL 60534

Jun 8, 2021                    Eloise K Hahn

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELOISE K. HAHN, Appellant,　　　　　　　)　　　10-30161-KLP
　　　　　　　　　　　　　　　　　　　　)　　　20-03161-KLP
　　　　　vs　　　　　　　　　　　　　　)　　　3:20-CV-947
　　　　　　　　　　　　　　　　　　　　)　　　3:20-CV-965
THOMAS ALAN MINOR, et.al.　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellees.　　　　　　　　　　)

FINAL BRIEF FOR APPELLANT WITH APPENDIX

The Appellant, Eloise K. Hahn, hereby enters her appeal brief contesting

the bankruptcy court order of November 19, 2020, dismissal with prejudice.  Appellant

appeals dismissal with prejudice since Appellee, Thomas Alan Minor, controls Appellant's

late mother's estate through "larceny by trick".

The estate of Louise K. Hahn is in Cook County, Illinois.  Appellant has

been directed by the Seventh Circuit to file claims against all Appellees, namely Thomas

Alan Minor, Bank of America Private Bank, Bank of America Global Wealth & Investment

Management, Choice Hotels International, Choice Hospitality (India) Private Ltd.,

Herman J. Marino Ltd., William Rogers Parsons, and Commissioner of the IRS.

William Roger Parsons controls Appellant's late brother's unadministered estate.

Appellee, Thomas Alan Minor, controls Appellant's beneficial interest to the irrevocable trust

unadministered estate.  Both debtors, Thomas Alan Minor and William Roger Parsons, filed

bankruptcies after they concealed the transfer of the irrevocable trust assets from Appellant's

late mother's irrevocable trust account in the the amount of $821,000.

In Thomas Alan Minor's chapter 7 bankruptcy, 10-30161-KLP, the former trustee failed

to liquidate the three Texas lot equities in the amount of $676,000.  The current trustee advised

counsel the conveyance went unnoticed and therefore Appellant is entitled to file claims against

Appellee, Thomas Alan Minor.

Section 548(a)(1) of the bankruptcy code authorizes a trustee to avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor within two years preceding a bankruptcy filing if:  (1) the transfer was made, or the obligation was incurred, "with actual intent to hinder, delay, or defraud" any creditor; or (ii) the transaction was "constructively fraudulent" because the debtor received "less than a reasonably equivalent exchange for such transfer or obligation" and was, among other things, insolvent, left with "unreasonably small capital," or unable to pay its debts as such debts matured, when or immediately after the transfer was made or the obligation was incurred.

In this instance the debtor, Thomas Alan Minor, conveyed the $821,000 of irrevocable trust assets, the authorized $220,700 from Appellant's living trust, and the pilfered estate taxes in the amount of $2,118,799 to another hotel project, namely Quality Suites Lexington at 2814 Lee Highway, Lexington, Virginia in year 2008.  The Texas  lots went in foreclosure after Appellee, Thomas Alan Minor, pulled out all the equity from the lots and transferred the equity via 1031 tax free exchange. The former bankruptcy trustee failed to liquidate the 1031 tax free exchange equity in Thomas Alan Minor's chapter 7 bankruptcy in year 2010 since the conveyance was transferred unnoticed and was not listed on Appellee's chapter 7 petition for bankruptcy, nor was Appellant listed, including Win Par Hospitality Laredo LLC.  Appellee, Thomas Alan Minor, first listed Appellant on his chapter 7 bankruptcy when the presiding judge reopened his bankruptcy in year 2014.  In May or June of 2014, Appellee, Thomas Alan Minor,  first listed Appellee, Eloise K. Hahn, on his amended petition including Win Par.  Appellee failed to list Bank of  America, including the irrevocable trust assets he sanctioned at the bank and the hotels he constructed with William Roger Parsons in years 2006 through 2010 both domestically and internationally in India.

Consequently, Appellant was defrauded since Appellee, Thomas Alan Minor, sold a hotel Page 3 of 6

on March 10, 2011, for $9.9 million dollars. Had he listed the debt due and owing to Appellant,

Eloise K Hahn, in year 2010, Appellant would have received her $250,000 since the debt was secured

via the 1031 tax free exchange. Irrevocable trust assets are not transferable in any circumstance

nor are stolen assets.

In year 2014 Appellant, Eloise K. Hahn, addressed to the presiding judge that Appellee,

Thomas Alan Minor, and Herman J. Marino, disclosed in a settlement call on August 21, 2014,

that they had transferred $3.710 million dollars to another hotel project. Appellant filed the

adversary proceeding to redress these issues in her filed proofs of claim with the bankruptcy

court in response to William Redden's notice to Appellant of August 12, 2020, with respect to

the bankruptcy court's recovery of assets. The current trustee has failed to recover the off-shore

assets to date.

Appellant filed proof of claim no. 1 which was amended into proof of claim no. 2 which

is a secure claim for $9.9 million dollars. Appellant was advised by the Marriott bankruptcy

consultant that Appellee, Thomas Alan Minor, sold the hotel for $9.9 million dollars on

March 10, 2011. Appellee, Thomas Alan Minor, failed to list the hotel on his amended bankruptcy

petition in year 2014 consequently the conveyance has been transferred unnoticed which allows

Appellant to return to the Cook County estate division and file her claims against Appellee, Thomas

Alan Minor, including Bank of America, Choice Hotels International, and Herman Marino for a

fraudulent transfer. The bank and the Internal Revenue Service are the transferees with Marino.

Appellee, Thomas Alan Minor, and William Roger Parsons are the transferors. Choice Hotels

International along with Bank of America Global Wealth & Investment Management are the

off-shore fudiciary trustees to the off-shore trust account that Appellee, Thomas Alan Minor, controls

through "larceny by trick". Appellant's late brother's family would be entitled to file a claim against

William Roger Parsons and the remaining Appellees.  Parsons holds Appellant's late Page 4 of 6

brother'sassets and Thomas Alan Minor holds Appellant, Eloise K. Hahn's, assets.  Parsons recently

sold his 121 suite high rise hotel at 3550 North AtlanticeAv., Cocoa to Appellant's time share

entity, Westgate Resorts.  Parsons failed to list his hotel holdings on his chapter 13 bankruptcy

petition, namely his 121 room Choice resort in New Zealand/Australia, his 121 suite Wakulla Suites

hotel in Cocoa, and his two star hotel in Hobart, Indiana namely Key West.  Neither debtor listed

their leasehold ownerships to the Laquinta Inns and Suites at 9040 Pams Av at the  Richmond

airport, including the Lexington, Virginia hotel and the 9-10 international hotels they control

with Choice Hospitality (India) Private Ltd.

Claim no. 3 proof of claim is an unsecure claim for $201,000 mol.  Appellant was advised

that her former living trust was hacked by Minor and Appellant concludes $201,000 is missing.

The bankruptcy court discharged the $220,700 authorized to Win Par Hospitality Laredo LLC

on or about March 31, 2006.  This appeal is being filed to contest the dischargeability of all the

debt due and owing to Appellant in excess of $5,000,000.

Bank of America recently received a no string bailout in year 2020 for $1.3 trillion dollars

and is non-bankrupt, including Choice which is 11.6% bankrupt.

The Texas project never commenced construction.  Appellee, Thomas Alan Minor, had no

power of direction to invade Appellant's privacy and steal another $821,000  from the family's

irrevocable trust accounts.  The bank alleges they gave the debtors the assets breaching the terms

and conditions  of the trust which incurred $48,000 in legal fees for its preparation.  Appellant

presumes her privacy was also invaded at the Internal Revenue Service since Appellant encountered

over seventy (70) incidences of identity theft at the Internal Revenue Service since year 2015.

Appellee, Thomas Alan Minor, has not demonstrated to Appellant where he acquired $3.710 million

dollars in this fraudulent transfer of assets to another hotel project.

In summary, Appellant is entitled to $60,000 of the $100,000 recovered by the Page 5 of 6 current trustee for the $250,000 discharged.  Appellant contests the discharge of the stolen assets and requests jurisdiction be redressed in the County of Cook against Appellee, Thomas Alan Minor, with the Bank of America and Choice Hotels International, including Marino.  Appellee, Thomas Alan Minor, is controlling a solvent unadministered estate of Appellant's late mother. The estate assets may have been converted to Appellee's individual name, along with William Roger Parsons.  Parsons has not discharged  Bradley J. Hahn's estate from his chapter 13 bankruptcy proceeding.   The bankruptcy trustee has advised local counsel that Appellant, Eloise K. Hahn, may redress and file a claim against the unadministered estate since the assets were not liquidated in the chapter 7 proceeding.  The lot equities were $676,000 in year 2008, as evidenced in the attached title reports.  The former bankruptcy trustee failed to liquidate these assets in the chapter 7 bankruptcy proceeding pursuant to Section 548(a) (1) of the bankruptcy code.

Respectfully submitted,

Eloise K. Hahn
313 East 1300 North, residence address
Chesterton, IN   46304

Mailing Address (effective immediately)

Eloise K. Hahn
PO Box 945
Chesterton, IN   46304

### CERTIFICATE OF SERVICE

I, Eloise K. Hahn, do hereby certify that I mailed via USPS express priority mail a copy of final brief with appendix on friday, January 8, 2021, with guaranteed delivery by

saturday, January 9, 2021, being:

Page 6 of 6

> United States District Court
> Attn:  Clerk of the Court
> 701 E. Broad Street
> Suite 3000
> Richmond, VA   23219

I, Eloise K. Hahn, do hereby certify that I mailed a copy of the final  brief with appendix

via priority mail to the following parties on friday, January 8, 2021, to the following parties

being:

> Jason Krumbein, Esquire
> Krumbein Consumer Legal Services
> 1650 Willow Lawn Drive
> Suite 201
> Richmond, VA   23230

> United States Bankruptcy Court
> Attn: Clerk of the Court
> 701 E. Broad Street
> Suite 4000
> Richmond, VA   23219

> Kutak Rock LLP
> Attn: Peter Barrett
> 901 E. Byrd St.
> Suite 1000
> Richmond, VA   23219-4071

> Steve Leahey, Esquire
> 150 N. Michigan Av, Ste 1120
> Chicago, IL   60601

> Benjamin & Cynthia Hahn
> 4048 Anna Av
> Lyons, IL 60534

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ELOISE K. HAHN                    )         10-30161-KLP
                                  )         20-03161-KLP
        Appellant                 )
                                  )         3:20-CV-947
        vs                        )         3:20-CV-965
                                  )
THOMAS ALAN MINOR et. al.         )
                                  )
        Appellees                 )

APPENDIX

1)   Adversary Proceeding Cover Sheet, 2 pgs., 1-1, 1-2

2)   Adversary Complaint and Answer, includes Appellant's response to
     Counsel Jason Krumbein, 45 pgs., 2-1 through 2-45

3)   Order Dismissed with Prejudice, 3 pgs., 3-1 through 3-3

4)   Cook County and US Tax Court Orders wrt jurisdiction, 14 pgs., 4-1 through
     4-14, Seventh Circuit Order not included No. 17-3563, case dismissed without
     prejudice allowing Appellant to file claims against all defendants

5)   First and Second Notices to Appeal, includes Statement of Issues on Appeal
     and Record on Appeal , pgs. 5-1 through 5-20

6)   Win Par Laredo LLC Quality Suites Spread Sheet, $4,996,700 stolen from
     Hahn estate, pgs. 6-1 through 6-2

7)   US Title Records, lot 11, 6427 Polaris Drive, Laredo, TX 78041, pgs. 7-1
     through 7-2, lot sold for $802,156

8)   US Title Records, lot 12, 2311 Saturn Drive, Laredo, TX 78041, pgs. 8-1 through
     8-2, lot sold for $802,156

9)   US Title records, lot 13, 6428 Sinatra Parkway, Laredo, TX, pgs 9-1 through
     9-4, lot sold for $988,190

10)   General Warranty Deed (CASH), Win Par Hospitality Laredo conveying $2,592,468 lot equities to Thomas Alan Minor and William Roger Parsons individual names without payment to Appellant in the amount of $2,592,468, pgs. 10-1 through 10-3

11)   Renewal, Extension, and Modification of Real estate Loan, Tracts 1 and 2, paid principal $676,000, $67,000 principal outstanding, dated June 18, 2008, pgs. 11-1 through 11-6, Appellee pulling out equity at compass via 1031 transfer to Quality Suites Lexington, VA hotel at 2814 N. Lee Highway, Lexington, VA

12)   Stifel Nicolaus disbursement notification of $220,700 to Win Par Hospitality Laredo, 3-31-06, pgs. 12-1 through 12-5

13)   Hotel pictorials of Quality Suites Lexington, VA hotel 8/20/14, pgs. 13-1 through 13-4

14)   Westgate Resorts newsletter to Appellant disclosing to Appellant of 2018 purchase of Parsons 121 room Wakulla Suites hoptel at 3550 N. Atlantic Av Cocoa, location of Win Par Hospitality Laredo LLC, which Appellant held LLC membership, pgs. 14-1 through 14-5

15)   Win Par Hospitality Laredo LLC, 3550 N. Atlantic Av., Cocoa Beach, FL 32931 settlement statement for lots 11/12 dated 12/16/05, pg. 15-1, includes subscription agreeement WHICH DISALLOWED Appellant Thomas Minor' and Parsons to STEAL $379,300 of irrevocable trust assets at Bank of America in 2007 due to Appellant's failure to commence construction of Laredo TX hotel, pgs. 15-2 and 15-3. Subscription agreement does not grant Appellant, Minor, to pilfer Appellant's estate taxes with her late brother for $2,118,799 remitted to IRS in June of 2004.  Appellant first entered subscription agreement in March of 2006, NOT 2004 OR 2005.

16)   Win Par Laredo Quality Suites overview of fraudulent transaction, 3 pgs. Pgs. 16-1 through 16-3

17)   Irrevocable Trust Agreement, 13 pgs, pgs. 13-1 through 13-16

18)   Irrevocable Security Summary worksheet, includes Charles Schwabb statement and security staement account no. 26-9156-40-2, 80 pgs. 18-1 through 18-80

19)   Estate Return worksheet, 12 pgs. 12-1 through 12-12

20)   Proof of claim filed October 9, 2020, 10 pgs. pg 20-1 through 20-10

21)   Proof of secure claim filed September 9, 2020, 11 pgs. 21-1 through 21-11

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br><br>20-03129-KLP |
|---|---|

| PLAINTIFFS<br><br>Eloise K. Hahn | DEFENDANTS<br><br>Thomas A.Minor ET.AL. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Steven A. Leahey, Esquire<br>(312)664-6649 | ATTORNEYS (If Known)<br><br>Rudolph C. McCollum, Jr. |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

FRBP 700(1)13-Section 548 fraudulent transfer of irrevocable trust assets at U.S. Trust Bank of America Private Wealth Management and pilfered tax payments @ IRS26USC6901(a)(1)(A)(1)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  9.9 million |
| Other Relief Sought<br><br>Damages $500,000 | |

*Pg 1-2*

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

NAME OF DEBTOR:

Thomas A. Minor et. al.

Bankruptcy Case No.

10-30161-KLP

DISTRICT IN WHICH CASE IS PENDING:

Eastern, Richmond Division

NAME OF JUDGE:

Keith L. Phillips

RELATED ADVERSARY PROCEEDING (IF ANY)

Eloise K. Hahn, Plaintiff

Defendant

Commissioner of the IRS, Washington D.C., United States Court of Appeals, Tax Division,

Appellate Section

Appeal Case No.

19-1228

USTC No. 13801-19

September 24, 2020                          *Eloise Kathleen Hahn*

                                           Eloise Kathleen Hahn

1

RICHMOND DIVISION

F
I
L
E
D

SEP - 9 2020

F
I
L
E
D

CLERK
U.S. BANKRUPTCY COURT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT RICHMOND DIVISION

| | | |
|---|---|---|
| Eloise K. Hahn | ) | |
| | ) | Case No. 10-30161-KLP |
| Plaintiff. | ) | Judge: Keith L. Phillips |
| vs. | ) | |
| Thomas Alan Minor | ) | |
| U.S. Trust Bank of America | ) | |
| Private Wealth Management | ) | |
| Commissioner of the IRS | ) | |
| Defendants. | ) | |

## CRIMINAL ADVERSARY PROCEEDING

The plaintiff in this matter, Eloise K. Hahn states the following is true

to the best of her knowledge and belief. On or about the date of January of

2010 in the County of Henrico, in the Eastern District of Virginia, the

defendants, Thomas Alan Minor and U.S. Trust Bank of America Private

Wealth Management Successor In Trust to LaSalle Bank, Chicago, failed to

list Eloise K. Hahn as an irrevocable beneficiary to the Louise K. Hahn

1

Irrevocable Trust dated February 6, 2003, including the fraudulent conversion of Eloise's assets to Thomas Alan Minor's name in the amount of $410,000 mol in violation of 15 USC Section 78 et. sq. of the Securities Exchange and Investor Protection Acts of 1934 and 1970, resp., including 15 USC Chapter 2B-1, 78 fff-1.  The complaint is mandated by Chapter 2B-1 of the Security Investor Protection Act of 1970, 15 USC 78 et. seq. 1934 Act.

The plaintiff, Eloise K. Hahn, files her application for a protective decree pursuant to 15 Section 784 while the unadministered estate of Thomas Alan Minor is hereby liquidated pursuant to Section 78 fff-2(b), (c)(1)(2)(3), (d) and (e), including Section 78 fff-4(a)(b)(c)(d)(e).

The defendant, U.S. Trust Bank of America Private Wealth Management, failed to comply with the provisions of the irrevocable trust which warrants suit against the bank and Thomas Alan Minor for FRAUD. In accordance with the holdback provisions of the irrevocable trust, U.S. Trust Bank of America Private Wealth Management concealed its holding of $820,000 mol to the legal beneficiaries, namely Eloise K. Hahn, Benjamin William Hahn, and Cynthia Suzanne Hahn.  U.S. Trust Bank of America Private Wealth Management fraudulently conveyed the securities to Thomas Alan Minor, who illegally claimed heirship to the assets where he converted the assets to his name and applied the equity to the payment of

2

three texas lots, namely lots 11, 12, and 13, Jacaman Ranch, Unit 8, Laredo, Texas in the amount of $743,000. The three lots appreciated to $2,592,468 in value. The equity was withdrawn at Compass Bank and transferred via 1031 tax free exchange to Win Lexington Quality Suites hotel off of Lee Highway in year 2008. Once the equity was withdrawn and transferred the three Texas lots fell into foreclosure attributing to plaintiff loosing another $220,700 in equity as outlined in the chapter 7 bankruptcy of Thomas Alan Minor in year 2010. The most recent discovery of assets in Minor's estate warrants prosecution.

Plaintiff, Eloise K. Hahn, further files her proof of claim against Thomas Alan Minor and the Commissioner of the IRS for fraudulently converting her tax payment in the amount of $1,059,399 to Thomas Alan Minor who pilfered the tax payment alleging he owns Eloise's mother's estate. Plaintiff, Eloise K. Hahn, assumes he has rescheduled the asset into his unadministered nonbankrupt estate where he has embezzled the stolen money off-shore through Choice Hotels International and U.S. Trust Bank of America Private Wealth Management.

Thomas Alan Minor has failed to file a chapter 11 or 15 bankruptcy to date. The tax fraud is mandated by 26 USC 6901(a)(1)(A)(1) with respect to transferees in estate tax cases where the transferee (bank) is liable for the tax under the authority of Section 6901. A transfer can be

3

direct or indirect where the beneficiadry is defrauded of its irrevocable trust asset by the fudiciary who fraudulently transfers the asset to fraudulent transferor(s) resulting in the disposition of or parting of an interest in the assegt reasulting in a tort claim against the transferree and transferor. The bank is not released of the devbt or claim and a lien or emcumberance must be enacted for repayment.

Plaintiff, Eloise K. Hahn, is essentially a creditor of the transferor who has forgotton to pay the legal irreovcable beneficiary fair consideration for the fraudulent transfer resulting in a claim for $9.9 million. Plaintiff, Eloise K. Hahn., had no power of direction in the irreovcable trust resulting in a tort claim against Minor and the bank, specifically the bank erased the security summary from its data base after Eloise filed suit against the bank in Cook County years 2017-2019. The presiding judge changed hbis mind and has allowed Eloise to go after the bank and Minor in another courtroom which is the bankruptcy court where Minor filed a chapter 7 proceeding in year 2010.

Win Par Hospitality victimized Eloise in a ponzi skam as evidenced in its fraudulent ledgers which documented Eloise selling her interests to Win Par Hospitality laredo for $328,000 in September 2007. The bank's counsel, Marino, confirmed there was no buy out yet Win Par documents Eloise Hahn's equity of $149,003 for payment to two Texas lots namely

4

lots 11 and 12. Eloise never received a check for $149,003

nor retained earnings for $71,696 or $220,700. Win Par has apparently

filed a fraudulent tax return where Minor and Parsons have acquired the

equity and transferred the equity to another hotel project(s). Win Par

subsequently dissolved the entity in year 2009 and forwarded a

promissary note to Eloise which they both subsequently discharged

in bankruptcy conveying grey toitle to the three Texas lots.

The Federal Debt Collection Procedures Act (FDCPA) provides a

Federal cause of action for setting aside a fraudulent transfer in a Federal

district court other than the United States Tax Court, 28 USC Section 3301

et. seq. Eloise has filed an appeal in the United States Court of Appeals

and the decision is pending. Proof of actual fraud will defeat a transfer

whether the debt arises before or after the transfer FDCPA Section 3304(b).

Actual fraud exists when property is transferred with the actual

intent to hinder, delay, or defraud a creditor in the collection of debt owed,

FDCPA Section 3304(b). A fraudulent transfer usually is made without a

verbal or written expression of the reason for the transfer as exists in

Minor's chapter 7 bankruptcy proceeding. The FDCPA provides the United

States a uniform Federal procedure for setting aside a fraudulent transfer

to aid in the collection of Federal debts including tax debts. In this matter

the trust fund doctrine has been violated.

Minor is holding a solvent unadministered estate[' which must be liquidated at this time for repayment of all stolen funds and pilfered tax payments.  The transferor, Minor, and the transferee, U.S. Trust Bank of America Private Wealth Management are closely related in international banking and financing operations through Choice Hotels International, Inc. Thomas Alan Minor is issuing jumbo loans to high net worth bank clients, namely U.S. Trust Bank of America Private Wealth Management.

The transferor has failed to remit a tax on the stolen money including transferee, U.S. Trust bank of America Private Wealth Management. The theory behind the doctrine is when the transfer leaves the transferor without enough assets to pay the debts, the transferee holds the transferred property in trust for the benefit of the transferor's creditors.

The transfer of assets was confirmed in the County of Cook, Illinois through Choice Hotels International, Inc.  The reopening of Minor's bankruptcy warrants efforts to collect from him the transferor, including the bank and the IRS (transferees).  Plaintiff, Eloise K. Hahn, has overpaid in estate taxes $366,000.  Repayment of the stolen assets would replenish security losses in excess of $659,000 to date, see United States Court of Appeals, No. 19-1228, USTC 13801-19, where Eloise has requested an estate tax refund for $366,000,

Plaintiff, Eloise K. Hahn, hereby amends her proof of claim in the

6

amount of $9,900,000, which is a secure claim that includes the $220,700 authorized to Win Par Hospitality Laredo LLC on March 31, 2006, at Stifel Nicolaus. The $220,700 was transferred via 1031 tax free exchange to numerous commercial projects domestically and offshore through Choice Hotels International. Choice advised Eloise her money was converted. The Boston branch at U.S. Trust Bank of America advised Eloise Minor illegally claimed heirship to the irrevocable trust funds on or about 2007. Eloise acquired the irrevocable trust fund summary after proceedings terminated in Richmond in year 2015. U.S. Trust Bank of America's counsel instructed the bank to erase the account from their data based to extinguish their fudiciary liabilities to the legal beneficiaries of the trust in efforts to avoid an insurance claim with the FDIC.

Plaintiffs, Eloise K. Hahn, Benjamin W. Hahn and Cynthia S. Hahn are not related to Thomas Alan Minor through birthright or marriage, including William Roger Parsons who appears to be accessory to the crime as evidenced in the land deeds to the Laredo Texas lots, namely lots 11, 12, and 13 in Jacaman Ranch, Unit 8. Compass Bank advised Eloise that someone withdrew the lot equities and transferred the equity to another hotel project. Herman Marino, Esquire confirmed the 1031 conveyance in settlement discussions on August 21, 2014, specifically Minor had transferred $3.710 million to another project. The Hahn family affirmatively states Minor transferred about $5,000,000 to another hotel project in August of 2008, and subsequently conveyed $9.9 million

7

dollars off-shore to India in years 2009-2010 through Choice Hotels International.

Plaintiff, Eloise K. Hahn, sues for identity theft fraud pursuant to Title 18 USC Section 1028, IRS manual 9.5.3.3.11.1, with respect to trust fund fraud, tax fraud, and the like attributing to $250,000 in liquidated damages for attorney fees, filing fee, bondsmen fees, excess tax payments, and the like.

Plaintiffs Cynthia S. and Benjamin W. Hahn may file their proof of claim to the United States Bankruptcy Clerk under a separate claim.

WHEREFORE, the plaintiff, Eloise K. Hahn, hereby sues Thomas Alan Minor and U.S. Trust Bank of America Private Wealth Management for trust fund and tax FRAUD in the amount of $9,900,000, as evidenced in the attached amended proof of claim, which includes Exhibits A-D.

Respectfully submitted,

Eloise K. Hahn

313 East 1300 North

Chesterton, IN  46304

CERTIFICATE OF SERVICE

I, Eloise K. Hahn, do hereby certify that I mailed a copy of said pleading to the following parties on September 8, 2020, being:

8

William C. Redden, Clerk of the Court

United States Bankruptcy Court

701 East Broad Street

Suite 4000

Richmond, Virginia  23219


John Schumann, Esquire

Michael J. Haungs, Esquire

U.S. Department of Justice

Tax Division, Appellate Section

P.O. Box 502

Washington, D.C.  20044


McGuire & Woods LLP

Gateway Plaza

800 E. Canal Street

Richmond, VA   23219


Rudolph C. McCollum, Jr., Esquire

McCollum @ Law, P.C.

P.O. Box 4595

Richmond, VA   23220


9

Kathryn R. Montgomey, Esquire

Assistant U.S. Trustee

U.S. Department of Justice

Office of the United States Trustee

Eastern District of Virginia

Richmond Division

701 East Broad Street

Suite 4304

Richmond, VA  23219

Sept 8, 2020

10

2-11

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT RICHMOND DIVISION

| | | |
|---|---|---|
| Eloise K. Hahn | ) | |
| Plaintiff | ) | Case No. 10-30161-KLP |
| | ) | Judge:  Keith L. Phillips |
| vs | ) | |
| Thomas Alan Minor | ) | |
| US Trust Bank of America | ) | |
| Private Wealth Management | ) | |
| Commissioner of the IRS | ) | |
| Defendants | ) | |

## NOTICE OF FILING

## CRIMINAL ADVERSARY PROCEEDING NEW EVIDENCE

The plaintiff, Eloise K. Hahn, hereby files her Notice of Filing

her Criminal Adversary Proceeding based on new evidence to the

following parties of which a copy of said pleading with plaintiff's

amended proof of claim and exhibits were mailed via UPS

on September 8, 2020 , being:

William C. Redden, Clerk of the Court

United States Bankruptcy Court

11

701 East Broad Street

Suite 4000

Richmond, Virginia   23219

Rudolph C. McCollum, Jr., Esquire

McCollum @ Law, P.C., mailed via USPS mail

P.O. Box 4595

Richmond, VA   23220

Kathryn R. Montgomery, Esquire

Assistant U.S. Trustee

U.S. Department of Justice

Office of the United States Trustee

Eastern District of Virginia

Richmond Division

701 East Broad Street

Suite 4304

Richmond, VA   23219

John Schuman, Esquire for

Commissioner of the IRS

Michael J. Haungs, Asst. Esquire

for the Commissioner of the IRS

12

U.S. Department of Justice

Tax Division, Appellate Section

P.O. Box 502

Washington, D.C.   20044


McGuire & Woods LLP, bank counsel

Gateway Plaza

800 E. Canal Street

Richmond, VA   23219

Sept 8, 2020

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | | |
|---|---|---|---|
| In re: | **Thomas Alan Minor** | ) | |
| | **Renee Scott Minor** | ) | |
| | | ) | **Case No. 3:10-BK30161-KLP** |
| | **Debtors.** | ) | **Chapter 7** |
| | | ) | |
| | | ) | |
| | **Eloise K. Hahn, Plaintiff** | ) | |
| | | ) | |
| | **v.** | ) | |
| | | ) | **AP No. 3:20-AP-3129-KLP** |
| | **Thomas Alan Minor,** | ) | |
| | **Defendant** | | |

Last four digits of SSN or ITIN:

_____

### NOTICE OF MOTION TO DISMISS

 **Jason M. Krumbein, Esq.** has filed papers with this court seeking Dismissal of the Adversary proceeding.

 <u>**Your rights may be affected**</u>. **You should read these papers carefully, and discuss them with your attorney in this Bankruptcy Case, if you have one. (If you do not have an attorney, you may wish to consult one.)**

 If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before <u>21 DAYS FROM TODAY</u>, you or your attorney must:

 File with the court and mail a copy to the Debtors' counsel, at the addresses shown below, a written request for a hearing. If you mail your request for hearing to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

| | |
|---|---|
| Clerk of the Court | Jason M. Krumbein, Esq. |
| U.S. Bankruptcy Court | Krumbein Consumer Legal Services, Inc. |
| 701 E. Broad St., Suite 4000 | 1650 Willow Lawn Drive, Suite 201 |
| Richmond, VA 23219 | Richmond, VA 23230 |

 You must also attend a hearing on November 10, 2020 at 9:30am at 701 E. Broad St. Rm. 5100, Richmond, VA 23219 before Judge Phillips.

 If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion, and may enter an order granting that relief.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | **Thomas Alan Minor**<br>**Renee Scott Minor** | ) |
| | | ) |
| | | ) **Case No. 3:10-BK30161-KLP** |
| | **Debtors.** | ) **Chapter 7** |
| | | ) |
| | | ) |
| | **Eloise K. Hahn, Plaintiff** | ) |
| | | ) |
| | **v.** | ) |
| | | ) **AP No. 3:20-AP-3129-KLP** |
| | **Thomas Alan Minor,** | ) |
| | **Defendant** | |

Last four digits of SSN or ITIN: _____

---

## <u>MOTION TO DISMISS</u>

**COMES NOW**, Krumbein Consumer Legal Services, Inc., counsel for defendant and moves this court to dismiss this action for 4 reasons as stated below for the reasons stated more clearly in the memorandum in support.

1.  Res Judicata

2.  Lack of jurisdiction

3.  Statute of Limitations

4.  Failure to state a claim upon which relief can be granted.

<u>/s/ Jason M. Krumbein, Esq.</u>
Jason M. Krumbein, Esq. VSBN 43538
Counsel for the Debtor(s) in Bankruptcy
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Dr, Suite 201
Richmond, VA 23230
Tel: 804.592.0792 Fax: 804.673.4350
jkrumbein@krumbeinlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:        **Thomas Alan Minor**        )
              **Renee Scott Minor**        )
                                            )    **Case No. 3:10-BK30161-KLP**
              **Debtors.**                  )    **Chapter 7**
                                            )
                                            )
        **Eloise K. Hahn, Plaintiff**       )
                                            )
        **v.**                              )
                                            )    **AP No. 3:20-AP-3129-KLP**
        **Thomas Alan Minor,**              )
        **Defendant**

        Last four digits of SSN or ITIN:
_____

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**COMES NOW**, Krumbein Consumer Legal Services, Inc., counsel for defendant and moves this court to dismiss this action for 3 reasons as stated below.

### Introduction

    This action was commenced by plaintiff in September of 2020 seeking some sort of criminal sanction against Mr. Minor for actions that occurred more than 10 years prior. There was prior litigation in 2013, (Minor v. Hahn, 3:13-AP-3152), in which similar allegations were made related to a real estate deal gone bad in approximately 2006 or 2007 (depending on which version of plaintiff's facts are applied). The action was dismissed.

### Factual Background

    Plaintiff and defendant engaged in a real estate deal in 2004 or 2005. The deal went bad in 2007, and defendant subsequently filed for Chapter 7 Bankruptcy in January 2010 (case #3:10-BK-30161). Plaintiff obtained a discharge on or about June 10, 2010.

Bankruptcy courts hear and determine matters arising under Title 11 (the Bankruptcy code). 28 U.S.C. §157(b)(1). Bankruptcy courts have the ability to hear and determine matters that are "core" proceedings and to hear but not determine matters that are non-core. 28 U.S.C. §157(c). The Bankruptcy court must submit findings of fact and conclusions of law to the district court, which considers the Bankruptcy court's recommendations and enters final orders and judgments. 28 U.S.C. §157(c)(1). See generally, *Tavenner v. Sigler*, case 3:17-cv-502, EDVA March 27, 2018 (Lauck, judge).

### 3.  Statute of Limitations

The statute of limitations for a claim of fraud is described in state law. The Virginia statute of limitations is 2 years from the date the fraud was discovered or should have been discovered. Virginia Code §8.01-243(a).

Criminal fraud for federal criminal offenses is described in 18 U.S.C. §3282, which describes that all criminal actions shall be commenced within 5 years of the date of the offense. That time is extended to 10 years if the victim is a financial institution. 18 U.S.C. §3293

### 4.  Failure to State a Claim Upon Which Relief Can Be Granted.

Defendant is not even sure what the claims are and so must go on a fishing expedition to argue the claim and thereby the elements.

## **Argument**

### 1)  Res Judicata

The substantive facts revolve around the failure of the WinPar investment in a hotel in Texas. Those are the same relevant facts that were and could have been litigated in the prior matter. Upon review of the facts alleged, the same language is used and the same facts are alleged in the 2013 case and the present case before the court.

The statute of limitations for fraud is governed by the state statute of limitations. The Virginia Code section- 8.01-243(a) has a time limit of 2 years. The claim for fraud was barred by the state of limitation when the underlying Bankruptcy was filed.

Taking the allegations as true, the fraud occurred in 2007, the Bankruptcy was filed in January 2010, the first litigation was filed in 2013, and the current litigation was filed in 2020. There is no set of circumstances that would support a claim of fraud at the current juncture because the time has long run out.

Even if we apply the Florida statute of limitations, the time has passed. Florida Statutes section 95.11(3)((j) is 4 years. That time has passed as well.

Even if we were to apply the Texas statute of limitations, the Texas Civil Practice and Remedies code 16.004(a)(4) is 4 years. That time has passed.

Even if we apply the Indiana statute of limitations, the Indiana statute of limitations is 6 years, Ind. Code §34-11-2-7(4). That time has passed.

As a result, no statute of limitation would now apply. Even if we use the date of the last litigation as the starting point— 2013—that time would STILL have expired. As a result, the matter must be dismissed on statute of limitation grounds.

4) <u>Failure to State a Claim Upon Which Relief Can Be Granted.</u>

Plaintiff has made an extended statement of "facts" in the complaint, but the cause of action is based on some sort of securities fraud.

A claim of securities fraud requires a false representation in the purchase or sale of securities in contravention of SEC rules. See: *Dura Pharmaceuticals, Inc. v. Broudo*, 544 US 336, 341-342 (2005). In this case, there were no securities alleged to be sold or bought. Further, the deal was one in

2 - 2 √

## **CERTIFICATE OF SERVICE**

    I certify that I have this October 7, 2020, transmitted a true copy of the foregoing Motion by regular mail to the plaintiff at the address listed below.

    Eloise K. Hahn
    131 E. 1300 N.
    Chesterton, IN 46304

/s/ Jason M. Krumbein, Esq.
Counsel for the Debtor(s) in Bankruptcy

2-2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:

| | | |
|---|---|---|
| Thomas Alan Minor | ) | |
| Renee Scott Minor | ) | |
| | ) | Case No. 10-BK30161-KLP |
| Debtors. | ) | Chapter 7 |
| | ) | |
| | ) | |
| Eloise K. Hahn, Plaintiff ) | | |
| | ) | |
| vs. | ) | |
| | ) | |
| Thomas Alan Minor, | ) | AP No. 20-AP-03129-KLP |
| | ) | |
| Defendant | ) | |

NOTICE OF MOTION FOR HEARING

NOTICE TO COURT THAT PLAINTIFF HAS FILED HER APPEARANCE FOR NOVEMBER 10, 2020
WITH COURT-SOLUTIONS FOR 9:30 A.M. TELEPHONIC CALL EST

Eloise K. Hahn, Plaintiff has filed papers with this court seeking a hearing
for her filed Adversary proceeding which is currently scheduled with Court-Solutions.com
for November 10, 2020 at 9:30 a.m. before presiding Judge Keith L. Phillips.

I do not want the court to grant Jason M. Krumbein's relief sought in dismissing the matter.   I
have now filed my response to his motion dated October 19, 2020, mailed via
USPS express mail to the Clerk of the Court, William Redden, along with federal express
notice to Jason M. Krumbein, Esquire.    Federal express mail is guaranteed next day delivery
which is October 20, 2020.   The Clerk of the Court must then file    promptly and efficiently
without delay.

Date:   October 19, 2020                        Eloise K. Hahn, Plaintiff
                                                313 East 1300 North
                                                Chesterton, IN    46304

CERTIFICATE OF SERVICE

I, Eloise K. Hahn, do hereby certify that I mailed a copy of my response and notices
to the following parties via USPS express mail on October 19, 2020 being:

Clerk of the Court                         Jason M. Krumbein, Esq.

2 - 26

Attn:   William Redden
U.S. Bankruptcy Court
701 E. Broad St., Suite 4000
Richmond, VA     23219

Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 201
Richmond, VA     23230

Oct  19,  2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:         Thomas Alan Minor            )
               Renee Scott Minor            )
                                            )         Case No.: 10-BK30161-KLP
                    Debtors                 )    Chapter 7
                                            )
               Eloise K. Hahn,              )
                                            )
                    Plaintiff           i   )                    — —  .
                                            )
                    v.                      )      AP  Nc. 20: - AP-3129 -KLP
                                            )
               Thomas Alan Minor, et. al.   )
                                            )
                    Defendants              )

RESPONSE TO MOTION TO DISMISS
REQUEST FOR A HEARING
MOTION TO PROSECUTE CRIMINALLY IN THE TAX COURT FOR FRAUD

COMES NOW, Eloise K. Hahn, Plaintiff who moves this court to deny motion to dismiss
for five (5) reasons as stated below and for the reasons set forth in plaintiff's memorandum in
support.

    1)    FRAUD, unauthorized transfers of irrevocable trust assets
        which are NON-TRANSFERABLE from a non-bankrupt fudiciary,
        U.S. Trust Bank of America Private Wealth Management
        from irrevocable beneficiary accounts of Eloise K. Hahn,
        and Bradley J. Hahn's successors heirs, namely Benjamin
        William Hahn, Brian Charles Hahn, and Cynthia Suzanne Hahn.
        Anasatasia Hahmn deceased March 6, 2020, murder.
        Irreovocable beneficiaries are not lenders but legal heirs
        to the estate of Louise K. Hahn, deceased October 5, 2003.
        A fraudulent transfer of property pursuant to Sections 523 (a)(1),
        (14), (14A), (a)(2), (a)(4), (a)(6) of FRBP 7001(6);

    2)    PILFERED TAX PAYMENTS, remitted by legal beneficiaries
        Eloise K. Hahn and the late Bradley J. Hahn and Anasatasia

1

Hahn, a fraudulent transfer pursuant to 26 USC 6901(a)(1)(A)(1);

3)      RECOVERY OF MONEY/PROPERTY pursuant to Section 548(13) of FRBP 7001(1);

4)      STATUTE OF LIMITATIONS pursuant to Cook County Order of April 10, 2019 with respect to debtors Thomas Alan Minor and William Roger Parsons, the fraudulent transferors, including fraudulent transferrees, U.S. Trust Bank of America Private Wealth Management which includes any and all recent name changes, Herman J. Marino, Esquire, and Choice Hotels International, Inc.; with respect to actions that were brought forth in Cook County, IL concerning a non-bankrupt unadministered estate illegally controlled and held by Thomas Alan Minor and William Roger Parsons with the bank through larceny by trick and;

5)      Non Consumer Secure Debt Claims and Unsecure Debt Claim which relief can be granted due to recovery of assets.

Occtober 19, 2020

Eloise K. Hahn, plaintiff
313 East 1300 North
Chesterton, IN   46304
(219) 628-5481
eloisehahn313@gmail.com

## CERTIFICATE OF SERVICE

I, Eloise K. Hahn, certify that I mailed via Federal express USPS mail a true copy of the foregoing pleading on October 19, 2020, with guranteed next day delivery to the following parties listed below, being:

Clerk of the Court
Attn:  William Redden
United States Bankruptcy Court
701 E. Broad Street., Suite 4000
Richmond, VA  23219

Jason M. Krumbein, Esquire
Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 201
Richmond, VA  23230

OCT 19, 2020

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:       Thomas Alan Minor        )
             Renee Scott Minor        )
                                      )     Case No. 10:-BK-30161-KLP
             Debtors.                 )     Chapter 7
                                      )
                                      )
             Eloise K. Hahn, Plaintiff )
                                      )
             v.                       )
                                      )
             Thomas Alan Minor, et. al. )     AP No. 20:-AP-3129-KLP
                                      )
             Defendants.              )

MEMORANDUM IN SUPPORT OF MOTION TO CRIMINALLY PROSECUTE

COMES NOW, Eloise K. Hahn, plaintiff who moves this court for a hearing to

criminally prosecute against defendants, Thomas Alan Minor, U.S. Trust Bank of America

Private Wealth Management, which includes any and all recent name changes, and

the Commissioner of the IRS for reasons set below:

INTRODUCTION

This adversary action has been commenced by plaintiff and filed on

September 12, 2020, prior to the statute of limitations deadline of November 12, 2020,

which is within the five year timeframe after the offense was committed.  Minor failed

to list Eloise K. Hahn on his chapter 7 bankruptcy petition until June of 2014.  The matter

was litigated with respect to a $250,000 promissary note on September 15, 2014.  Eloise

was denied a new trial date based on disclosures made by Minor during a settlement call

1

on August 21, 2014, where Marino and he disclosed to Eloise that they had transferred

$3.710 million dollars to another hotel project. Eloise was given the opportunity to

redress after the September 15, 2014, trial date due to FRAUD. The discharge for the

$250,000 was rendered on March 30, 2015, and subsequently appealled in the district

court in Richmond. The presiding judge, HEH, advised in his order that he could not perceive

the figures without further information. The district court order was then redressed to the

fourth circuit appellant court. Eloise obtained the evidence at the bank and filed court

proceedings in the County of Cook. The matter was litigated for three years or more where

Eloise was given a court order to further litigate the matter in a court of competent

jurisidiction. Eloise seeks injunctive relief from the authomatic stay of Minor's chapter

7 bankruptcy proceeding due to fraud. Eloise obtained the Cook County court order on

April 10, 2019, shortly after her sister-in-laws's murder on March 6, 2019. Eloise filed

a United States Tax Appeal due to identity theft at the IRS. The appeal is pending in

the District of Columbia. The plaintiff, Eloise K. Hahn, files the criminal adversary proceeding

since the defendant, Thomas Alan Minor, willfully concealled and willfully misrepresented

material facts of the fraudulent transfers that are explained in her adversary proceeding

and her filed evidence of 173 pages. Plaintiff, Eloise K. Hahn, counters opposing counsel

plea of" Res Judicata" with her plea of "Estoppel", based on the irreovcable trust fund

doctrine which disables opposing counsel's opposition to plea the matter," Res Judicata ".

Stolen irrevocable trust assets are not transferrable in any bankruptcy matter nor are

pilfered tax payments remitted by plaintiff, Eloise K. Hahn, and her late brother, Bradley

Joseph Hahn.

      Thomas Alan Minor has filed a fraudulent bankruptcy where he concealed the

2

irrevocable trust assets where he sought a discharge from plaintiff, Eloise K. Hahn,

for $250,000 based on a promissary note he gave to Eloise after he breached a settlement

agreement which was secured in a court order.  Minor failed to list Eloise until June of 2014.

Eloise was denied a new trial date on September 15, 2014, after Minor disclosed in a

settlement call on August 21, 2014 that he had conveyed $3.710 million dollars to another

hotel project.  Eloise testified that Minor had sold a hotel on March 10, 2011, after she

had conveyed a demand letter to him and Minor's affiliate Parsons in January of 2011.  Eloise's

testimony was striken since Minor had filed a bankruptcy in year 2010 , where he failed

to list the hotel amongst others on his bankruptcy petition, including his offshore

holdings.  Her testimony was striken in a transcription redaction hearing in Richmond

where opposing counsel insisted it be striken since Minor had filed a bankruptcy.

The larceny has continued to date at the IRS where Eloise's identity continues to be

compromissed by imposters who send correspondence alleging they are her or who allege

they are authorized resulting in Eloise retainment of her tax attorney, Steven Leahey, in

Chicago.

Plaintiff seeks injunctive relief and monetary reimbursement for a fraudulent

transfer of irrevocable trust assets at U.S. Trust Bank of America  Private Wealth Management

in Chicago by fraudulent transferor, Thomas Alan Minor, and fraudulent transferrees

Herman J. Marino and U.S. Trust Bank of America Private Wealth Management.  These

parties breached the terms and conditions of the Louise K. Hahn Irreovacble Trust dated

February 6, 2003, a copy of which has been filed with the bankruptcy court on

September 12, 2020.  The fraudulent transfer of assets amount to $821,000 mol.

The money was transferred fraudulently without notice resulting in grand theft.

3

The amount taken from plaintiff was $410,500 mol, and the remaining was rammaged from

Eloise's late brother's family heirs, namely Cynthia Suzanne Hahn, Brian Charles Hahn,

and Benjamin William Hahn. Eloise's late brother and his wife are deceased. Bradley's

family and his children are not listed on Minor's bankruptcy nor is Eloise listed as an

irreovcable beneficiary to the trust, nor has Thomas Monor listed the bank and Eloise's

late mother's irreovocable trust. The parties were apparently not listed correctly because

FRAUD has occurred. You don't need to be listed if FRAUD occurred. The assets were applied

to the three Texas commercial lots in Texas. The deal turned east to Virginia when Thomas

Alan Minor elected to pull all the equity out of the lots which equated to $2,592,468 and

transfer to another hotel project in Virginia so he could be closer to home to his wife,

Renee Scott Minor. Thomas Alan Minor failed to list the Quality Suites Lexington Virginia

hotel on his chapter 7 bankruptcy. The hotel is a business asset not a consumer debt.

Minor failed to list the plaintiff, Eloise K. Hahn, on his chapter 7 bankruptcy in year 2010.

Minor failed to list Eloise and the hotel because he intended to defraud Eloise of the

$220,700 she had authorized to Win Par Hospitality Laredo LLC on March 31, 2006, based on a

subscription agreement with Win Par Hospitality Laredo LLC. Thomas Alan Minor failed

to list Win Par Hospitality Laredo LLC on his chapter 7 bankruptcy petition until on or

about June of 2014, after a trial was scheduled in Richmond concerning the $250,000

promissary note which Thomas Alan Minor and William Roger Parsons conveyed to

Eloise after they breached the settlement agreement and elected to head east

to Virginia.  Pulling out the equity and allowing the lots  to go into foreclosure is FRAUD.

Thomas Alan Minor failed to disclose his hotel holding on his chapter 7 petition in year 2010

and  in year 2014. Instead he sold the hotel on March 10, 2011, after Eloise had mailed a

4

demand letter to Minor and Parsons demanding payment of her $250,000 in January of 2011.

Eloise was not notified of the grand theft of assets to her irrevocable trust assets at the

bank, nor did her late brother's family. The fraudulent transfer was completed fraudulently

and secretly to defraud the family of their irreovcable non-transferable trust assets at the

bank resulting in injury and death. The presidng judge, Judge Keith L. Phillips advised

Eloise during the trial she was robbed where he requested her to find out what trust Minor

acquired $676,000 of cash with William Roger Parsons. Eloise was confused and affirmatively

advised Judge Phillips she only authorized the $220,700.

After the trial, Eloise found the security summary in Boston. Eloise examined

the summary and determined the bank had defrauded the family out of $821,000 mol.

The money is now used for hotel lease collaterol for commercial hotel projects constructed

by Parsons and Choice through international developer, Singh. Thomas Alan Minor acts

as a bridge lender for the bank where he conducts surveillances on high net worth clients

for the bank. Minor did or formerly act as a Regional Director for CMP surveillances a

detective agency in mid-Manhattan New York. The agency has invaded Eloise's privacy

both at the IRS and credit bureaus in efforts to rob her and her immediate family since

year 2014, namely placing fraudulent names on her immediate family members life insurance

policies or impostering Eloise at the IRS and/or alleging they are authorized to act for Eloise's

tax matters. The invasion of privacy has contributed to substanial monetary and emotional

duress damages exceeding $250,000 to date. After ELOISE received the Cook County order

she filed a US Tax Appeal for identity theft. The complaint is under appeal and the

identity theft has continued after Eloise retained counsel in Chicago. The matter has

attributed to duress and stress in defending herself daily at the IRS. The parties imposter

5

Eloise and execute her signature on correspondence to the IRS, The FBI advised her they

imposter victims to steal their assets.

FACTUAL BACKGROUND

Plaintiff did engage in a real estate deal with Thomas Alan Minor and William Roger

Parsons in years 2006. The matter has been contested since then due to fraud.  Debtor,

Thomas Alan Minor, was given Eloise's $220,700 by William Roger Parsons illegally.  Minor

converted the money to his name where he uses the money as collaterol in constructing

commercial and off-shore hotels with the bank and Choice Hotels International, Inc.  Choice

confirmed Eloise's money was converted and the bank advised Eloise the assets are held in

an unadministered non-bankrupt estate.  Minor collects money on the stolen assets and the

$220,700 converted to his name.  Both Minor and Parsons failed to file a chapter 11 or 15

business and/or off-shore bankruptcy to date.  At the onset of the trial in Richmond on

September 15, 2014, Eloise advised Judge Phillips that Minor and Herman Minor had

confessed in transferring $3.710 million dollars to another hotel project, namely Lexington,

Virginia, during a court appointed settlement call on August 21, 2014, which was in

accordance with the amended court discovery order.  The presiding judge failed to honor

Eloise's reqest in rescheduling the trial since counsel, Jason Krumbein, had sued Eloise's

Florida attorney Howard Sverbilow.  Attorney Sverbilow was present and wanted to purge

himself at trial defrauding Eloise to a fair and equaitable trial.  Eloise's testimony was stricken

during a transcription redaction hearing in November of 2014, specifically where Eloise

testified Minor selling a hotel on March 10, 2011.  Eloise's testimony was striken since Minor

had filed a chapter7 bankruptcy in year 2010.  The bankruptcy in year 2010 was filed to

discharge about $300,000 in consumer debt.  Minor failed to list his settlement of $100,000 on

6

the chapter 7 petition nor did he list Eloise or Win Par Hospitality Laredo LLC on his

bankruptcy petition. Win Par failed to file a business bankruptcy. Instead Win Par's assets

were fraudulently converted to Parsons and Minors individual names in violation of Win Par's

operating agreement stipulations. They both did so to defraud Eloise alleging Eloise as a

lender instead of a business partner. Win Par's business address was opearated at 3550 N.

Atlantic Av Cocoa. Parsons listed  himself as 30% owner to the hotel, Wakulla Suites. The

hotel, Wakulla Suites, sold its interest to Eloise's time share company, Westgate Resorts in

year 2018. The hotel was upgraded with a water park on the beach. The hotel is a high rise.

Parsons failed to list the hotel on his chapter 13 bankruptcy, nor did he list the Quality

Suites Lexington, Virginia hotel at 2814 N. Lee Highway in Lexington. Both Minor and

Parsons constructed a 65 Laquinta Inns and Suites hotel at 9040 Pams Av in Richmond, VA

at the airport. The hotel was not listed on their bankruptcies. Both debtors have failed

to file business or off-shore bankruptcies to date. Another hotel was listed for notice only

by Parsons in Greensboro, North Carolina. Both debtors list Bank of America as a lender

either to their personal or business assets. The debtor is not discharged in either bankruptcy.

Minor obtained a discharge to Eloise's debt or $250,000 on or about on March 30, 2015.

He received discharges to the listed consumer debts on June 10, 2010. He amended his

chapter 7 petition in June of 2014 listing more consumer debts. Some accounts held no

account nos. The consumer creditors have not filed claims in response to the clerk's

notice of August 12, 2020 regarding recovery of assets.

Eloise appealed the non-dischargeability of the $250,000 debt based on fraud.

The district court issued an order that Eloise pursue the matter in Chicago which Eloise

did. The fourth circuit order did not include the stolen assets nor the pilfered tax payments

7

in their decision. Eloise subsequently filed a district court action in the seventh circuit concerning the grand theft of assets at the bank and pilfered tax payments. The seventh circuit dismissed without prejudice and requested Eloise to file claims against each defendant. The purpose of this proceeding is to allow Eloise injunctive relief for filing a claim against Minor for all stolen assets at the bank and the IRS. The bank refuses to file an FDIC claim since they fraudulently transferred irrevocable trust assets and breached the trust. The trustee is compelled to comply with the provisions of the irrevocable trust or be subject to liability if they fail to do so. The bank has failed to respond to the adversary complaint including the IRS who are the fraudulent transferees. They have defaulted. This proceeding follows, along with the U.S. Tax Court appeal.

The district court judge in Florida advised Eloise the matter is no longer a bankruptcy matter, and the presiding judge for Parsons debt to Eloise for $250,000 was settled by the payment of $3,500 mol. The bankruptcy judge was advised of the stolen money and the judge elected to transfer liability to the bank. Parson's attorney refuses to acknowledge that Parsons owes Eloise anymore money. Apparently Parsons stole Eloise's late brother's family assets attributing to his wife's murder on March 6, 2019. The fraudulent issues are specifically addressed in Eloise's adversary proceeding with respect to security fraud, tax fraud, and invasion of privacy to her personal identity.

RELEVANT LAW

1) Res Judicata

Eloise K. Hahn, plaintiff, affirmatively denies the allegations set forth in opposing counsel's memorandum and affirmatively states she was denied another trial based on the disclosures made during a settlement call at Marino's office on August 21, 2014. The

8

settlement call disclosed Minor had transferred $1,130,000 + $698,000 + $698,000 +

$698,000 + $60,000 + $190,000 + $160,000 or $3.710 million to another hotel project.

The presiding Judge denied a new trial date since the trial date was rescheduled and

her attorney was present for the September 15, 2014 trial.  Consequently, Eloise was

defrauded since her computer was hacked immediately after the disclosure was made

and she was stalked via satellite monitors for three months thereafter.  Eloise was unable

to prepare herself on such short notice and is not a mindreader.  The presiding judge

allowed Eloise to return with the evidence.  He specifically inquired at the end of the

trial on September 15, 2014, if she knew what trust Minor got $676,000 from.  He further

advised Eloise she was robbed.  Eloise has filed a criminal proceeding after receiving a

bankruptcy clerk's notice  on or about August 12, 2020.  The notice advises her that they had

recovered assets from Minor's bankruptcy. Eloise consulted with counsel and was advised

the trustee had secured a $100,000 settlement given to Minor.  The trustee fee is $40,000 and

the remaining is distributed to the creditors who have filed proof of claims. Eloise has filed a

secure claim for $9.9 million and another claim which the clerk has failed to file to date.

Eloise remailed the claim via UPS and is awaiting proof of claim filing from the clerk.

Eloise consulted with counsel who advised her to file several claims.  Secure claims are non-

bankrupt claims.  The presiding judge and opposing counsel should have never stricken her

testimony on or about November 16, 2014, during a transcription redaction hearing where

Eloise testified that Minor had sold a hotel for $9.9 million on March 10, 2011.  The disclosure

was given to Eloise by a Marriott consultant during discovery in Richmond January 2014

through August 21, 2014.  This new adversary proceeding has been filed requesting

injunctive relief to remove the bankruptcy stay for the stolen property and pilfered tax

9

payments. Injunctive relief is requested for relief of the $250,000 discharged from the recovery of assets of $100,000. The final order from Cook County, Illinois has granted Eloise the legal right to go after defendants in another court of competent jurisdiction. Eloise must remove the curse of the bankruptcy stay to allow her justice to her inheritance which she has been unjustly denied to date. Minor has rescheduled the assets to his individual name with the bank and holds them. Minor specifically disclosed in a telephopnic call with Judge Phillips on June 11, 2014, "we own the estate". Judge Phillips has failed to liquidate the assets of the unadministered estate pursuant to 11 USC 726. This adversary proceeding follows.

LACK OF SUBJECT MATTER JURISIDICTION

The bankruptcy court is not a mind reader nor was the initial counsel, Rudolph McCollum. Attorney McCollum did not list Eloise or Win Par since Minor failed to disclose the facts to him in year 2010. He did so to hide and conceal assets and prevent the bankruptcy court from finding what the debtor was holding. Choice confirmed Eloise's assets were converted. The assets were concealed to avoid forfeiture. The forms were incomplete with respect to the business and off-shore assets the bank and Thomas Minor were holding. Attorney McCollum first listed Eloise on Minor's bankruptcy prior to the trial. He included a dissolved entity, Burke Financial as well. Burke's shares were conveyed to Eloise's living trust. Burke's settlement agreement was replaced with a $250,000 promissary note. Both Parsons and Minor are removing secure assets from settlement agreements, living trusts, or irreovcable truists to their individual names and rescheduling the assets or converting them for their financial wealth and gain. What a fresh start at great financial loss to Eloise. Eloise had no power of direction to her

10

irrevocable trust assets at the bank, nor did her late  brother's family.  The Hahn family are victims to a financial crime and the Dept. of Justice has failed to provide victim assistance to the family.  Instead they call the family "losers" resulting in injury and death.  Eloise concludes the IRS fraudulently conveyed tax checks in the amount of $1,712,000 to fraud third parties, Marino, Minor, and Parsons.  The Chief Counsel at the IRS is renting commercial office space at Bank of America in Chicago where reassignment of the matter was given to the Dept. of Justice in D.C.  IRS is going back to year 2006.  Eloise has amended her returns and goes back to year 2004.  Her tax attorney is prepared to go back to year 2002.  Had Thomas Minor listed Eloise on his 2010 tax return Eloise would not have had to remit $22,047 of taxes to the IRS in year 2011.  The IRS insists the debtors promised to pay her.  IRS concludes she has been swindled.  Further, had the debtors listed the debt correctly on their bankruptcy petitions Eloise would not have had to pay $83,842 in Federal taxes in year 2004.  Eloise concludes she has overpaid in estate taxes no less than $366,000 since her $250,000 was converted where Thomas Alan Minor alleges he owns Eloise's mother's estate.  Minor nor Parsons have no legal right to rammage through Eloise and her late brother's family assets claiming huge amounts of assets which are not legally theirs.

The subject matter and the evidence has been filed and opposing counsel should do his homework and review the evidence.  His client is not entitled to the Berwyn bungalow proceeds or Merril Lynch securities, nor any other cash deposits of Eloise's mothers.  The Hahn family has been swindled by the fudiciary and the debtors and their attorneys resulting in injury and death.

Quit invading the family's assets and privacy denying the family of their legal

11

heirship rights. The Hahn family is not related to Parsons nor Minor and their spouses in
any bloodline way. They are the fraud parties who took advantage of the family who worked
and labored 75 years to acquire the money Eloise's late father and mother saved.
Opposing counsel apparently knew of the theft since he advised the presiding judge
that Eloise's partnership interest was $662,500. The subscription agreement does
not allow Minor to steal another $400,000 of Eloises. The additional $389,900 was only
if the project commenced construction in Texas. Stealing another $821,000 and
pilfering victims tax payments and heading east to Virginia in a whole new concept not
formerly litigated in Virginia. Marino claims Eloise's interest is $2,500,000. Eloise
concludes its $9.9 million and her late brother's family another $9.5 million. Minor further
advised the kjudge he acquired $470,700 from Eloise's living trust. Eloise reconfirmed with
the judge she authorized $220,700. Another $200,000 mol iaooears to be hacked from her
living trust. The hacked amount is outlined in Eloise's additional proof of claim. Eloise's
attorney, Steven leahey, advised her to list everything. The clerk has not filed the additional
proof of claim. Eloise remitted another $14.00 and resent the claim via UPS.
Eloise cannot afford loosing $2,500,000 to sleezy syndicated developers, attorneys,
and a corrupt bank. These legal proceedings have consumed Eloise's personal time
and ability to support herself. Eloise is not able to support attorneys in every state
of the union. Eloise concludes Minor has filed a fraudulent bankruptcy with respect to
the secure debts due and owing to her. Eloise requests the bankruptcy stay be aborted
and the debtors quit harassing her and rammaging her money. They have stolen all
of Eloise's retirement savings and more. The land deeds document Parsons and Minor
holding $676,000 of cash assets and they failed to remit to Eloise the $250,000 they

12

promissed to pay, along with the $821,000 they stole where they rammaged Eloise's

mother's grave with the Bank of America.  Hell have no fury as a women's scorn.

STATUTE OF LIMITATIONS

The fraud was discovered at the onset of the trial.  Eloise's testimony was striken.

The discrimination continues.  Criminal action was disclosed in Cook County and the judge

changed his mind where Eloise may go after the looters in a court of competent jurisidiction.

The jurisidction to remove the stay is warranted in Virginia with respect to stolen property.

Eloise can no longer be hounded by corruption in efforts to comply with the bankruptcy

stay while she is continually being harassed and robbed.  The statute of limitations for

personal injury are two years from the date of the order of April 10, 2019.  Eloise

has no other option but to sue for injury.  Eloise was declared disabled in year 2009.

The robberies resulted in her disability and inability to support herself for the past 13

years.  Eloise has no cash and the debtors should quit invading Eloise's privacy, including

the bank.  They have stolen all of Eloise's retirement savings and rescheduled her money

to their family's assets and estates.  The bank is not entitled to keep robbing Eloise, including

the debtors.  There is no doubt this has resulted in her personal injury and inability to sleep.

The IRS is not entitled to demand tax from Eloise and subsequently convey her millions to

the syndicate to construct commercial hotel projects abroad in India.  The statute for injury

has not expired and Eloise sues the bank, IRS and Minor for her secure claim of $9.9 million.

Accesories to the crime include Marino and any other judge or attorney who knowingly

was involved in these fraudulent transfers domestically and abroad.  Millions of dollars

stolen and embezzled overseas from a victimized famiy who labored 75 years to acquire

financial security.  Taxed to death and harassed to intolerable measures resulting in

13

retaliation and prosecution.

4.    FAILURE TO SET A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The bank is not bankrupt, nor is Thomas Alan Minor.  In fact, Thomas Alan Minor, claims he owns Eloise's mother's estate.  Larency by trick no doubt where a debtor refuses to relinquish control of the unadministered estate he holds with William Roger Parsons. Using the bankruptcy law to conceal and embezzle assets is FRAUD in the first degree. Using the bankruptcy law to conceal assets is tax fraud in the first degree.

The security fraud is clearly explained in the adversary proceeding.  The bank sold the securities and failed to convey the assets to Comerica.  They failed to liquidate the GNMA security of $350,000.  The bank is not entitled to steal the Hahn family assets, nor is Parsons and Minor.  Marino claims he forgot to pay the Hahn family fair consideration for the fraudulent transfer.  Marino confirmed Minor and Parsons pilfered Eloise and Bradley's tax payments of $2,118,799.  Eloise hereby confirms that she is a victim to a fraudulent bankruptcy skam where Thomas Alan Minor concealed his holdingS of the irreovcable trust assets during the Virginia bankruptcy trial in efforts to defraud her of the $250,000 he prom,ssed to pay her with William Roger Parsons.  William Roger Parsons reported double entry accounting in excess of $403,000, plus his retainment of $156,000 in retained earnings he owed Eloise.  He was holding a multimillion dollar hotel in Cocoa and alleged he was bankrupt.  Apparentl;y his home in Indian Harbor Beach was paid by Eloise's mother's money from the bank, including Renee Scott Minor's home in Midlothian Virginia for $220,000.  The Hahn family cannot afford to support the league of the United Nations and are not billionaires.  The money left to the family was excessively taxed resulting in Eloise's mother's death at the nursing home where she caught a contagious illness

14

after the bank ordered her to the home.  The bank could have easily provided her a handicap

ramp at her home in Berwyn.  Instead they forced her in the retirement center so they could

rob her and the family and acquire their securities.  Eloise was denied her job in the Federal

goverement, including her legal rights to own the farm and operate a business due to the

estate taxation. Elooise was denied another business opportunity with Win Par. Instead

Minor advised Eloise advised her she didn't qualify for a mortgage since she had filed a

bankruptcy while he rammaged away at Eloise's assets.  Minor has received secure

employment at the bank and receicves hefty interest allotments to the stolen money with

Parsons.  The adversary proceeding cannot be dismissed with prejudice.  The adversary

proceeding must be prosecuted criminally for FRAUD.  Stolen irrevocable trust assets and

pilfered tax payments are not transferrable.  Marino and Minor both confirmed the $3.710

million dollar transfer.  This is way to much money to be redressed in a bankruptcy court

since the money is retransferred repeatedly via 1031 tax free exchange.  The adversary

proceeding must be transferred to a court of competent jurisdiction and prosecuted.

Eloise seeks an order from the bankruptcy court that the matter be transferred to the

tax court for further prosecution and relief.

CONCLUSION

For the resons stated above, the bankruptcy can no longer interfere in the

prosecution of this matter due to injury and death. Thomas A. Minor has filed a fraudulent

bankruptcy to hinder and deter Eloise of her assets he holds by larceny by trick.  The bank

and the Commisioner of the IRS have failed to respond to the complaint.  They have

defaulted and prosecution is warranted in a court of competent jurisdiction. Claims must

be filed against all violators to the fraudulent transfer(s).

15